IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

CHRISTOPHER SALDIVAR,

    Plaintiff,

v.

AVI FOODSYSTEMS, INC. WVSC
CULINARY SERVICES,

    Defendant.

Civil Action No. 2:11-cv-0424

## NOTICE OF REMOVAL

Defendant AVI Foodsystems, Inc. ("AVI") (improperly named as "AVI Foodsystems, Inc. WVSC Culinary Services" in the Complaint), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446 and 42 U.S.C. § 2000e-5(f)(3), hereby gives notice of the removal of this lawsuit from the Circuit Court of Kanawha County, West Virginia to the United States District Court for the Southern District of West Virginia at Charleston. In support of its Notice of Removal, AVI respectfully submits as follows:

    1.    On May 26, 2011, Plaintiff Christopher Saldivar filed an action in the Circuit Court of Kanawha County, West Virginia, captioned *Christopher Saldivar v. AVI Foodsystem, Inc. WVSC Culinary Services*, at Case No. 11-C-870. Plaintiff's Complaint purports to assert claims against AVI, his former employer, for race discrimination, color discrimination, national origin discrimination, and hostile work environment under Title VII of the Civil Rights Act of 1964 and West Virginia state law, as well as a common law claim for defamation. All of these claims purportedly arise out of AVI's termination of Plaintiff's employment.

2. The Summons and Complaint were served upon AVI on May 31, 2011. True and correct copies of the Summons and Complaint are attached as Exhibit A. No other pleadings, process or orders have been filed, entered, served or issued upon AVI or by AVI at this time.

3. Attached as Exhibit B is a copy of the state court docket sheet and all pleadings filed to date with the Kanawha County Circuit Court, as required by L.R. Civ. P. 3.4(b).

4. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), within 30 days of the service of the Complaint upon AVI on May 31, 2011. AVI is the only named defendant, and it consents to the removal of this action.[1]

5. This District Court has original jurisdiction over this action because it arises under the laws of the United States, thereby invoking the federal question jurisdiction of this Court as provided in 28 U.S.C. §§ 1331 and 1441(b). More specifically, Plaintiff's action alleges a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. (Compl. pp. 1, 3.)

6. The Complaint asserts that Plaintiff "was subjected to discriminated [sic] based upon his race, color, and national origin within the meaning of Title VII and the laws of West Virginia." (Compl. p. 1.) The Complaint further asserts that Plaintiff "was subjected to racial discrimination in violation of the laws of West Virginia, Title VII and the Race Discrimination Act of 1976." (Compl. p. 3.) Thus, Plaintiff alleges claims that arise under the laws of the United States. This Court, therefore, has original jurisdiction over this case pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331, irrespective of the amount in controversy.

7. Furthermore, this Court also has jurisdiction over Plaintiff's state law causes of action pursuant to 28 U.S.C. §§ 1367(a) and 1441(c), insofar as Plaintiff's state law claims, like

---

[1] Although Plaintiff named "AVI Foodsystems, Inc. WVSC Culinary Services" as the sole defendant in the Complaint, no such entity exists. Defendant's proper name is AVI Foodsystems, Inc. Moreover, as reflected by Exhibit B, AVI is the only defendant served by Plaintiff.

2

his Title VII claims, relate to AVI's termination of his employment, such that they form part of the same case or controversy.

8.  In addition, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b), insofar as it is a civil action between citizens of different states, in which the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

9.  As admitted in the Complaint, Plaintiff is a citizen of the State of West Virginia. (Compl. p. 1.)

10. AVI is not a West Virginia corporation, nor does AVI have its principal place of business in West Virginia.  To the contrary, AVI is a corporation duly organized and existing under the laws of the State of Ohio, and maintains its principal place of business in Warren, Ohio. (Declaration of Heather Harris at ¶ 1, attached as Exhibit C.)  Thus, AVI is a citizen of Ohio.

11. AVI reasonably and in good faith believes that the amount in controversy herein exceeds the $75,000.00 jurisdictional requirement of 28 U.S.C. § 1332(a).  More specifically, at the time of Plaintiff's termination on March 29, 2010, he earned $15.30 per hour and worked, on average, 46.65 hours per week. (Harris Decl. at ¶ 2.)  Hence, Plaintiff's annual compensation equates to more than $39,760, and back wages to date are in excess of $45,000.  In the event this case proceeds to a trial, back wages alone will exceed $75,000.  Moreover, in his Complaint, Plaintiff seeks unliquidated damages for "emotional distress and trauma," "punitive damages," "damages and compensation for defamation of character and reputation," "backpay with interest," and "any and all further relief to which the complainant may be entitled to either in law or in equity." (Compl. at pp. 3 and 4.)  Thus, the total amount of damages Plaintiff seeks in this action exceeds $75,000.00.

12. Consequently, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because this is a civil action between citizens of different states.

13. The United States District Court for the Southern District of West Virginia at Charleston, therefore, has original diversity jurisdiction over this matter.

14. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a) and (b), and § 1446.

15. Pursuant to 28 U.S.C. §§ 129(b), 1391(b) and 1441(a), venue is proper in the United States District Court for the Southern District of West Virginia at Charleston, insofar as AVI conducts business within Kanawha County, West Virginia, which is where AVI employed Plaintiff.  Furthermore, Kanawha County, which is where the instant action was originally filed, is within the district and division embraced by this Court.

16. As required by 28 U.S.C. § 1446(d), AVI provided written notice of the filing of this Notice of Removal to *Pro Se* Plaintiff Christopher Saldivar, and it filed this Notice of Removal with the Clerk of the Circuit Court of Kanawha County. (Notice of Filing Notice of Removal, attached as Exhibit D.)

WHEREFORE, Defendant, AVI Foodsystems, Inc. removes this case from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia at Charleston.

                    Respectfully submitted,

                    s/ Erica L. Clarke
                    Erica L. Clarke (WV Bar No. 10377)
                    eclarke@littler.com

                    LITTLER MENDELSON, P.C.
                    625 Liberty Avenue, 26th Floor
                    Pittsburgh, PA  15222
                    412.201.7600
                    412.456.2377 (Fax)

Dated: June 17, 2011         ATTORNEY FOR DEFENDANT
                    AVI FOODSYSTEMS, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of June, 2011, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF. I further certify that I have mailed the documents by U.S. first class mail, postage prepaid, to the following non-CM/ECF participants:

Christopher Saldivar
100 J Faculty Circle
Dunbar, WV 25064

s/ Erica L. Clarke
Erica L. Clarke

Firmwide:102109158.1 056055.1135